ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI, P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

GODWIN CHARLES, PHILBERT ELGIN, PHILBERT
FRANKLYN, WESLEY FLEMMING, KASCELLES
COLLINS, and AKIEL JUBA,

                                                                    **Doc. No.:**

                                Plaintiffs,

                -against-

                                                                    **JURY TRIAL DEMANDED**

BRANO DESIGN LLC., BETTY BRANO, TISHMAN
CONSTRUCTION CORPORATION OF NEW YORK,
TISHMAN CONSTRUCTION CORPORATION, and
PADILLA CONSTRUCTION SERVICES, INC,

                                Defendants.

---------------------------------------------------------------X

## <u>COMPLAINT</u>

1.      Plaintiffs Godwin Charles ("<u>Charles</u>"), Philbert   Elgin ("<u>Elgin</u>"), Philbert Franklyn

("<u>Franklyn</u>"), Wesley Flemming ("<u>Flemming</u>"), Kascelles Collins ("<u>Collins</u>") and Akiel Juba

("<u>Juba</u>"), by their attorneys, Robert Wisniewski P.C., as and for their Complaint against

Tishman Construction Corporation of New York ("<u>Tishman New York</u>"), Tishman

Construction Corp. ("<u>Tishman Construction</u>")(collectively, the "<u>General Contractors</u>"),

Padilla Construction Services, Inc. ("<u>Padilla Construction</u>" or "<u>Subcontractor</u>"), Brano

Design LLC. ("Brano Design" or "Sub-Subcontractor") ("General Contractors", "Subcontractors", and "Sub-Subcontractors" collectively, are the "Corporate Defendants"), and Betty Brano ("Betty" or "Individual Defendant") state as follows:

## NATURE OF THE ACTION

2. Plaintiffs bring this action to recover unpaid wages, unpaid overtime wages, unpaid prevailing wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA") and the various wage orders promulgated by the U.S. Department of Labor and codified in 29 C.F.R. § 552 et. seq., as well as New York Labor Law Articles 6 and 19, including but not limited to, §198-b and §193 ("NYLL"), various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 137-143, and the New York State common law.

3. Plaintiffs also bring this action against Defendants for Defendants' failure to comply with the NYLL §195, which as of February 1, 2011 has mandated that employers, Defendants included, provide at hiring, and on an annual basis, wage notices during the period of employment of an employee which specifies, among others, the employee's wage rate, the frequency of wage payments, the designated pay day and other information set forth in the statute. Plaintiffs seek statutory weekly damages of either $25.00 or $50.00 as the case may be up to a maximum of $2,500.00 or $5,000.00, as the case may be, per employee as well as other damages and attorney fees and costs and disbursements.

4. Defendants provide construction services within the New York City area. Plaintiffs were employed by Brano Design as project coordinators, tile layers, tile mechanics, tile finishers,

tile setters and apprentices.

5.      Plaintiffs worked over 40 hours per week, but were not paid for all the time they worked or

at the proper overtime premium of 150% of their regular rate for all hours worked in excess

of 40 per week. Plaintiffs also were not receiving proper prevailing wages for working on a

public works project.

## PARTIES, JURISDICTION AND VENUE

6.      Plaintiffs Charles, Franklyn, and Juba, at all relevant times herein, were and are residents of

the State of New York, County of Kings.

7.      Plaintiff Flemming, at all relevant times herein was a resident of the State of New York,

County of Kings. Flemming is now a resident of the State of Georgia, County of Loganville.

8.      Plaintiff Elgin, at all relevant times herein, was and is a resident of the State of New Jersey,

Essex County, and has regularly conducted business within the State of New York.

9.      Plaintiff Collins, at all relevant times herein, was and is a resident of the State of New York,

County of Queens.

10.     Upon information and belief, Defendant Brano Design is a corporation  incorporated under

the laws of the State of New Jersey, having its principal place of business at 404 Marten

Road, Princeton, New Jersey, 08540.

11.     Upon information and belief,  Defendant Padilla Construction, at all relevant times herein

was and still is a domestic business corporation duly organized under, and existing by virtue

of, the laws of the State of New York, and presently having its principal place of business

at 299 Main Street, Westbury, New York, 11590.

12.     The General Contractors are corporations incorporated under the laws of the State of

Delaware, each with their principal place of business at 1209 Orange Street, Wilmington, Delaware 19801, and are engaged in the construction business.

13.   This Court has personal jurisdiction over the Defendants in that all Defendants are the citizens and residents of the State of New York, and/or have regularly transacted business in New York.

14.   The Individual Defendant is an officer, director, manager and/or majority shareholder or owner of Brano Design and, being among the ten largest shareholders, is individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

15.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under 29 U.S.C. § 217 (FLSA); 28 U.S.C. §1337 (Regulation of Commerce). This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367, because those claims are related to Plaintiffs' federal claims and form part of the same case or controversy.

16.   The Defendants each engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in that the employees of said Defendants handle, sell or otherwise work on goods or materials that have been moved in or produced for interstate commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

17.   This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. §1391(b) because events giving rise to Plaintiffs' claims occurred in this district, and because all Defendants may be found within this district.

## JURY DEMAND

18.  Plaintiffs demand a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

*Facts Regarding Plaintiffs' Employment*

19.  Plaintiffs are persons covered by, and/or intended to benefit from, the provisions of the Fair Labor Standards Act, NYLL, the common law of the State of New York, and the federal and state wage orders codified in 29 C.F.R. § 552 et. seq. and 12 N.Y.C.R.R. §§ 137-143 in respect to their work for Defendants.

20.  Brano Design engages in the provision of construction services to customers in the New York City area.

21.  With the exception of Plaintiff Elgin, all Plaintiffs were union members of Local Union #7, and as such, were to be paid at the union rate.

22.  From mid May 2014 until September 13, 2014, Plaintiff Charles was employed pursuant to an oral agreement with Defendants whereby Plaintiff agreed to perform work and services as a tile setter in exchange for the union hourly wage of $89.72 per hour.

23.  In or about July 7, 2014, Defendants paid Charles for only the first three weeks of work at an hourly wage of $ 52.58 an hour.

24.  Charles immediately informed Defendants that he was underpaid.

25.  The Individual Defendant informed Charles that there was a payroll error and ensured him that he would be fully compensated in his next pay check.

26.  Defendants did not compensate Charles at all for work performed during the fourth week of

his employment through September 13th.

27.   From mid May 2014 until July 18, 2014, Plaintiff Flemming was employed pursuant to an oral agreement with Defendants whereby Plaintiff agreed to perform work and services as a tile setter in exchange for the union hourly wage of $89.72.

28.   In or about July 7, 2014, Defendants paid Flemming for work performed in Mid May through the second week of June at an hourly wage of $ 52.58 an hour.

29.   Flemming immediately informed Defendants that he was underpaid.

30.   The Individual Defendant informed Flemming that there was a payroll error and ensured him that he would be fully compensated in his next pay check.

31.   Defendants did not compensate Flemming at all for work he performed during the last two weeks of June through July 18, 2014.

32.   On July 18, 2014, Plaintiff Flemming voluntarily quit his employment with Defendants' due to their policy to not pay their employees.

33.   From mid May 2014  until September 13, 2014, Plaintiff Franklyn was employed pursuant to an oral agreement with Defendants whereby Franklyn agreed to perform work and services as a tile finisher in exchange for the union hourly wage of $67.67 per hour.

34.   In or about July 7, 2014, Defendants paid Franklyn only for work performed from mid May through the first week of June. Defendants paid Franklyn at an hourly wage of $ 40.78.

35.   Defendants did not compensate Franklyn at all for work he performed from the second week of June through September 13th.

36.   From mid May 2014 until September 13, 2014, Plaintiff Juba was employed pursuant to an oral agreement with Defendants whereby Plaintiff agreed to perform work and services as

an apprentice in exchange for the union hourly wage of $26 per hour.

37.    In or about July 7, 2014, Defendants paid Juba for only the first four weeks at an hourly wage of $23 an hour.

38.    Juba immediately informed Defendants that he was underpaid.

39.    The Individual Defendant informed Juba that there was a payroll error and ensured him that he would be fully compensated in his next pay check.

40.    Defendants did not compensate Juba at all for the work he performed from the last two week of June through September 13th.

41.    From the beginning of April 2014 until September 13, 2014, Plaintiff Elgin was employed pursuant to an oral agreement with Defendants whereby Plaintiff agreed to perform work and services as a project-coordinator in exchange for a specific hourly wage of $75 per hour.

42.    Defendants did not compensate Elgin at all for the work he performed from the beginning of April through the end of May, and for work performed from July 7th through September 13th.

43.    From July 14, 2014 until July 16, 2014, Plaintiff Collins was employed pursuant to an oral agreement with Defendants whereby Plaintiff agreed to perform work and services as a carpenter in exchange for the union hourly wage of $80 per hour.

44.    Defendants did not compensate Collins at all for work he performed.

45.    Brano Design's agreement with Plaintiffs called for them to receive a specific hourly wage for each hour they worked.

46.    Plaintiffs satisfactorily supplied labor in connection with and in furtherance of the work required by Defendants and in doing so, complied with the terms of their employment

agreement with Brano Design.

47. At all times herein, upon information and belief, the Individual Defendant used Brano Design in order to perpetuate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose.

48. Upon information and belief, in conducting the affairs of Brano Design, the Individual Defendant failed to comply with corporate formalities, usurped the assets of Brano Design for personal use, and commingled her personal assets with the assets of Brano Design.

49. The Individual Defendant has willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of her positions as a shareholder, director, officer and/or manager of Brano Design, has assumed personal liability for the claims of the Plaintiffs herein.

50. Upon information and belief, Brano Design was aware of their requirement to pay Plaintiffs for each hour worked and at a higher overtime premium of 150% of their regular rate for each hour worked in excess of 40 hours per week.

51. As a result, the various violations of law which are alleged herein were committed intentionally and/or willfully by Brano Design.

52. The Individual Defendant had control over the conditions of Plaintiffs' employment, their work schedules, the rates and methods of payment of their wages and the maintenance of their employment records.

### *Facts Relating to Defendants' Violations of the Wage Laws*

53. Plaintiffs regularly worked for Brano Design for at least 40 hours per week but were not paid for all the time they worked or at the proper overtime premium of 150% of their regular rate.

54. From the onset of their employment until their termination, Plaintiffs only got paid once by Defendants.

55. Plaintiffs were required to work over 8 hours a day, from Monday through Friday.

56. During Plaintiffs' employment, Defendants regularly failed to pay Plaintiffs their wages, or did not pay the Plaintiffs at all.

***General Contractors' Violations***

57. In addition, upon information and belief, Brano Design entered into sub-subcontracts with Padilla Construction and the General Contractors to perform work at the World Trade Center project.

58. Upon information and belief, pursuant to contracts among the General Contractors, Padilla Construction, and the various government instrumentalities, the General Contractors and Padilla Construction were obligated to ensure that Brano Design paid their employees the proper "prevailing rate of wage" and "supplemental benefit" that were specified in such contracts or were incorporated by reference into such contracts.

59. At all times relevant herein, Tishman New York and Tishman Construction were general contractors on the World Trade Center project and subcontracted to Padilla Construction, who in turn subcontracted to Brano Design, to perform work on the World Trade Center project that was covered by NYLL.

60. Upon information and belief, the General Contractors and Subcontractor failed to ensure that Brano Design complied with their respective subcontracts and sub-subcontracts with the General Contractors and Subcontractor by paying their employees the proper prevailing wages and supplements.

61.     As such, the General Contractors and Subcontractor breached their contracts with the various government instrumentalities and damaged Plaintiffs.

62.     Pursuant to N.Y. Labor Law §220(3)(a), the General Contractors and Subcontractor were also responsible to ensure that Brano Design paid the proper prevailing wages and supplements.

63.     The General Contractors and Subcontractor failed to do so and are therefore liable to Plaintiffs for those non-payments.

***Facts Relating to Defendant Brano Design Non-Payment of Machine Rental***

64.     From June 2, 2014 until September 8, 2014, Plaintiff Charles rented a tiling machine to Brano Design.

65.     Brano Design agreed t pay the rental rate for the machine which was $125 per day, plus a $200 fee for drop off and pick up, as well as the purchase price of seven blades, each at $49.

66.     Defendant Brano Design has yet to pay Plaintiff Charles for the usage of his machine.

***Facts Relating to Defendants' Violations of NYLL § 195.1***

67.     In accordance with the NYLL §195.1, which is operative as of January 2011, at the time of hire, and on an annual basis, Defendants had to present for signature to each employee a wage notice, which had to contain the following wage rate information:  (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's

-10-

telephone number (the "Wage Notice").

68.   Plaintiffs never received and never signed the Wage Notice and never received any other

documents which might show the information required by NYLL §195.1.

69.   Defendants were aware or should have been aware that this practice was in violation of

NYLL, but continued to willfully engage in this unlawful practice.

70.   Upon information and belief, Defendants continue to violate  NYLL  §195.1 to date.

### FIRST CLAIM FOR RELIEF
### (Plaintiff Charles' Breach of Contract against Brano Design)

71.   Plaintiffs repeat and reallege each and every allegation as previously set forth.

72.   Plaintiffs agreed to perform work and services for Brano Design.

73.   Plaintiffs satisfactorily supplied labor in connection with, and in furtherance of, the work

required under their respective employment contracts with Brano Design and in doing so,

complied with the terms of their employment agreements with Brano Design and were

therefore entitled to wages they rightfully earned while working for Brano Design.

74.   Brano Design failed or refused to pay the Plaintiffs wages to which they were entitled

under their respective employment agreements with Brano Design.

75.   Brano Design's failure or refusal to pay the Plaintiffs wages to which they were entitled

under their employment agreement with Brano Design constituted a breach of Plaintiffs'

respective employment agreements with Brano Design.

76.   That by virtue of the foregoing breach of contract by Brano Design, Plaintiffs have been

damaged in an amount to be proven at trial based upon an accounting of the amount

Plaintiffs should have been paid as contemplated by their respective employment

agreements with Brano Design, less amounts actually paid to the Plaintiffs, with an award

of interest, costs, disbursements, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract against Brano Design)

77.   Plaintiffs repeat and reallege each and every allegation previously made herein

78.    Plaintiff Charles agreed to rent a tiling machine to Brano Design from June 2, 2014 until

September 8, 2014.

79.   The agreed upon rental rate for the usage of the machine was $125 per day, plus a $200

fee for drop off and pick up, as well as the purchase price of seven blades, each at $49.

80.   Defendant Brano Design agreed to pay the rental rate but has yet to pay Plaintiff Charles

for the usage of his tiling machine.

81.   That by virtue of the foregoing breach of contract by Brano Design, Plaintiff Charles has

been damaged in an amount to be proven at trial but not less than $12,993, together with

interest and costs.

## THIRD CLAIM FOR RELIEF
### (N.Y.  Labor Law against Brano Design and Betty)

82.   Plaintiffs repeat and reallege each and every allegation previously made herein.

83.   Pursuant to NYLL Articles 6 and 19, Labor Law § 198 and the Wage Orders issued under

the N.Y. Labor Law at 12 N.Y.C.R.R. §§ 137-143, Plaintiffs were entitled to certain

hourly minimum wages, overtime wages, and other wages, all of which Brano Design

intentionally failed to pay in violation of such laws.

84.   Wherefore Plaintiffs seek a judgment against Brano Design for all wages which should

have been paid, but were not paid, pursuant to the NYLL and the Wage Orders issued

thereunder and the other provisions of the Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiffs, along with an award of attorneys' fees, interest and costs as provided under the NYLL § 198 and § 663.

### FOURTH CLAIM FOR RELIEF
### (Quantum Meruit against Brano Design and Betty)

85.   Plaintiffs repeat and reallege each and every allegation previously set forth.

86.   Plaintiffs performed work and services as project coordinators, tile layers, tile mechanics, carpenters, tile finishers, tile setters and apprentices for Brano Design.

87.   Plaintiffs had a reasonable expectation of payment for the hours they worked for Brano Design, but Brano Design failed to remunerate Plaintiffs for all the hours they worked.

88.   Plaintiffs were entitled to payment for the unpaid hours they worked for Brano Design at a rate which constituted the reasonable value of their services, less amounts actually paid to Plaintiffs, together with an award of interest, costs, disbursements, and attorneys' fees.

### FIFTH CLAIM FOR RELIEF
### (FLSA against Brano Design and Betty)

89.   Plaintiffs repeat and reallege each and every allegation previously set forth herein.

90.   Plaintiffs bring this claim for relief pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 552. Plaintiffs were entitled to a minimum wage and an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week.

91.   Plaintiffs worked more than forty hours per week for Brano Design, and Brano Design willfully failed to make said minimum wage and/or overtime payments.

92.   Plaintiffs seek a judgment for unpaid overtime wages, such sums to be determined based

upon an accounting of the hours worked by, and wages actually paid to, Plaintiffs, and

Plaintiffs also seek an award of liquidated damages, attorneys' fees, interest and costs as

provided for by the FLSA.

**SIXTH CLAIM FOR RELIEF**
**(Third Party Beneficiary Claim for Prevailing Wages and Supplements against all Defendants)**

93.   Plaintiffs repeat and reallege each and every allegation previously set forth herein.

94.   Plaintiffs were persons covered by, or the intended third-party beneficiaries of, the

contracts entered into by Brano Design with the various instrumentalities of city, state and

federal governments to perform work on public works, which were covered by the

provisions of NYLL.

95.   Plaintiffs were also persons covered by, or the intended third-party beneficiaries of, the

subcontracts entered into by Brano Design with the General Contractors and

Subcontractor, who in turn entered into contracts with various instrumentalities of city,

state, and federal governments to perform work on public works, which were covered by

the provisions of the NYLL and various federal laws.

96.   In accordance with the terms and conditions of Brano Design's contracts and/or

subcontract with the General Contractors and Subcontractors with various governmental

instrumentalities, and the relevant provisions of the NYLL and various federal laws

relating to prevailing wages and supplements to be paid to employees of Brano Design,

Plaintiffs should have been paid the prevailing wage and prevailing wage supplements for

the work and labor Plaintiffs supplied in connection with and in furtherance of the work

-14-

contemplated by such contracts.

97.     Brano Design knowingly and willfully failed or refused to pay Plaintiffs the prevailing wage and prevailing wage supplements for regular and overtime hours of work in connection with the execution of the contracts with various governmental instrumentalities and/or subcontracts with the General Contractors and Subcontractor.

98.     Brano Design failure or refusal to pay Plaintiffs the prevailing wage and prevailing wage supplements constituted a material breach of Brano Design's contract with various governmental instrumentalities and/or subcontracts with the General Contractors and Subcontractor.

99.     Brano Design's violated the provisions of NYLL in that it failed to pay the Plaintiffs the prevailing wages required under the relevant laws.

100.    Pursuant to their contracts with the relevant government instrumentalities, and the relevant provisions of the NYLL and various federal laws relating to "prevailing wages" to be paid to employees working on public works projects, the General Contractors and Subcontractor were obligated to ensure that Brano Design's  employees were compensated at no less than the prevailing wages and supplements required by those contracts and under federal and New York state laws for each hour worked.

101.    By failing to ensure that Brano Design's employees received the prevailing wages and supplements required under their contracts with the relevant government instrumentalities, and the relevant provisions of NYLL and various federal laws relating to "prevailing wages" to be paid to employees working on public works projects, the General Contractors and Subcontractor breached their contracts with the relevant

government instrumentalities, a contract the Brano Design's employees were covered by and/or were beneficiaries of.

102.   In addition, NYLL §220(3)(a) makes the General Contractors and Subcontractor strictly liable for prevailing wages and benefits and the General Contractors and Subcontractor are therefore liable to Plaintiffs under that statue.

103.   Plaintiffs did not receive the monies they were due as beneficiaries of the contracts entered into by the Brano Design, as well as the contracts entered into by Brano Design with the General Contractors and Subcontractor, which provided for the payment of prevailing wages and benefits, and as a result, seek a judgment for damages based upon an accounting of the amount of monies Plaintiffs were paid and the amount Plaintiffs should have been paid in prevailing wages and benefits, together with an award of interest, costs, disbursements, attorneys' fees, as allowed by the relevant statutes, and such other relief as the Court deems proper.

### SEVENTH CLAIM FOR RELIEF
### (Violation of NYLL §195.1 against Brano Design and Betty)

104.    Plaintiffs repeat and reallege each and every allegation previously set forth herein.

101.   NYLL §195.1 mandates as of January 2011 that each employee employed by Defendants on an annual basis receive for signature a Wage Notice, which had to contain the following wage rate information:  (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage;

(iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number.

102.   Plaintiffs never received and never signed the Wage Notice and never received any other documents which might show the information required by NYLL §195.1.

103.   Defendants were aware or should have been aware that this practice was in violation of NYLL, but continued to willfully engage in this unlawful practice.

104.   Upon information and belief, defendant Brano Design's violations are continuing through the present.

105.   As a result of Defendants' violation of NYLL §195.1, Plaintiffs are entitled to statutory damages of $25 or $50 per week up to $2,500 or $5,000 as provided for by NYLL §195.1.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiffs demand a trial by jury and judgment against all Defendants as follows:

      a.      Compensatory damages in an amount to be determined at trial,

      b.      Liquidated damages pursuant to the FLSA and NYLL §198

      c.      Pre-judgment interest;

      d.      Plaintiffs' costs and reasonable attorneys' fees.

**[No More Text On This Page]**

Further, Plaintiffs demand a trial by jury and judgment against defendants Brano Design LLC and Betty Brano as follows:

e.      Statutory damages of $25 or $50 per week up to $2,500 or $5,000 as provided for by NYLL §195.1;

Together with such other and further relief that the Court deems just.

Dated:   New York, New York
         April 24, 2017

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski, Esq.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

-18-